**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| RITA MALDONADO-RIVERA, et al. | * |
| Plaintiffs | * |
| v. | *   Civil No. 03-1380 (SEC) |
| HOSPITAL SAN JUAN BAUTISTA, et al. | * |
| Defendants | * |

**OPINION AND ORDER**

On January 13, 2005 Plaintiffs informed the Court that the parties had reached a settlement agreement that would conclude this litigation in its entirety (Docket # 58). Thereafter, the Court referred this case to Magistrate-Judge Camille Vélez-Rivé for a hearing regarding the settlement agreement reached between the parties and the interest of the two Co-plaintiffs who are minors (Docket # 60). The parties filed their Sealed Settlement Agreement on March 16, 2005 (Docket # 65) and Magistrate Vélez-Rivé held a hearing on April 8, 2005 (Docket # 68). On April 11, 2005 Magistrate Vélez-Rivé issued her report, recommending that the Sealed Settlement Agreement reached by the parties be approved by the Court inasmuch it is in the best interest of the minors (Docket # 69). To date, the parties have not filed any objections to the Magistrate's report and the time allotted for doing so has expired. Therefore, the Court will **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation, approve the Sealed Settlement Agreement and enter Judgment accordingly.

**Standard of Review**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72(a) for the District of Puerto Rico, a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party

**Civil No. 03-1380 (SEC)**                                                                                          2
_____

can "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado-Pagán, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). Aside from being filed in a timely manner, objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections,"'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

**Analysis**

The parties have not objected to the Magistrate Judge's Report and Recommendation,

**Civil No. 03-1380 (SEC)** 3
_____

thus we are not required by law to review it. However, upon review, we find no fault with Magistrate Judge Vélez-Rivé's assessment of the Sealed Settlement Agreement and thus **APPROVE** and **ADOPT** her Report and Recommendation as our own. Accordingly, the Sealed Settlement Agreement is hereby **APPROVED**. Judgment will be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of April, 2005.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge